[No. 36130.    Department One.    February 15, 1962.]

CLARANCE A. CHRISTENSEN et al., *Appellants,* v. THE SWEDISH HOSPITAL, *Respondent.**

*Sharp & Bishop (McCarthy & Adams,* of counsel), for appellants.

* Reported in 368 P. (2d) 897.

*Rosling, Williams, Lanza & Kastner, Henry E. Kastner,* and *Robert H. Lorentzen,* for respondent.

Ott, J.—December 18, 1960, Clarance A. Christensen delivered to the Swedish Hospital in Seattle his personal check in the sum of $630.40 to pay the hospital for services performed from November 20, 1960, to December 18, 1960. December 19, 1960, he stopped payment on the check, contending that the hospital had not properly cared for him during his hospitalization, to his damage in excess of the amount of the account, and that, therefore, he was not indebted to the hospital.

The manager of the hospital, after contacting the Christensens by telephone and by mail, wrote the following letter to them on February 9, 1961:

"After I talked to Mrs. Christensen over the phone earlier this week regarding your account, I fully reviewed with our hospital Administrator the matters which we discussed.

"In our telephone conversation Mrs. Christensen indicated that she still felt we had been negligent regarding the care furnished to you, Mr. Christensen, and felt we were not entitled to payment of the balance of $816.43 on our account.

"I fully explained in an earlier letter of January 20 the fact that we reviewed your records with the attending physicians and found no evidence of negligence on their part or on the part of anyone on the hospital staff. I pointed out that they had checked very carefully for the possibility of any post-operative infection, and that accusations of negligence are poorly considered.

"We rendered the very best of care to you, Mr. Christensen, and to you, Mrs. Christensen, and we are sadly disappointed with the attitude being taken regarding payment of a legitimate bill. We are writing this final letter in the hope that you will reconsider your earlier decision to refuse payment, a decision which we feel was hastily made and for which we believe you may not have considered all the consequences.

"If payment in full of the balance of $816.43 is made within ten days of date of this letter, we will be happy to accept it in full of the account. However, if that payment is not forthcoming, we will have no choice but to refer

this matter to our legal representative with instructions to bring immediate suit against you for collection. We would also be forced to instruct our legal representative to refer to the prosecuting attorney the check in the amount of $630.40, on which you stopped payment.

"These actions would entail additional expense to you, as we can assure you that any court will uphold our right to collect from you payment for a legitimate bill for hospital services.

"Again, I trust that you will reconsider your earlier decision and remit payment promptly. A summary statement of your account is enclosed with this letter for your information. Please note that in a recent letter to the King County Blood Bank we asked them to bill you directly for $123.00 of their fees which were on your statement. However, this figure has been changed to only $63.00."

April 25, 1961, Clarance A. Christensen and wife commenced this action against the hospital. The amended complaint asserted two claims: (1) For damages resulting from the alleged negligence of the hospital in failing to furnish proper care to Clarance Christensen, and (2) for damages to both plaintiffs resulting from the hospital manager's letter above set out, in that thereby

" . . . the defendant *wilfully, maliciously and intentionally threatened* plaintiffs with criminal prosecution for stopping payment on the above mentioned check; . . . that said threat was made with full knowledge of the age and extreme poor physical condition of both plaintiffs and with a complete disregard and indifference as to the consequences of such threat; that the threat of criminal prosecution has caused both plaintiffs great mental anguish, severe emotional distress and fear for their personal liberty. That each plaintiff has been damaged to the amount of Five Thousand Dollars ($5000.00) thereby." (Italics ours.)

The defendant hospital moved for dismissal of the second claim for the reason that it "fails to state a claim upon which relief can be granted."

From an order dismissing the second claim with prejudice, the plaintiffs have appealed.

Rule of Pleading, Practice and Procedure 8, RCW Vol. 0, provides in part:

"(a) *Claims for Relief.* A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

. . .

"(2) A party may set forth two or more statements of a claim . . . alternately or hypothetically, either in one count . . . or in separate counts . . . When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims . . . as he has regardless of consistency and whether based on legal or on equitable grounds or on both. . . ."

A claim is adequately pleaded if it contains a short, plain statement showing that the pleader is entitled to relief, and a demand for judgment based thereon. *Sherwood v. Moxee School Dist. No. 90,* 58 Wn. (2d) 351; 363 P. (2d) 138 (1961). A complaint should apprise the defendant of what the plaintiff's claim is and the legal grounds upon which it rests, and should not be dismissed unless it appears beyond doubt that proof of no set of facts would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U. S. 41, 2 L. Ed. (2d) 80, 78 S. Ct. 99 (1957).

In the instant case, the second claim alleges a willful, malicious, and intentional threat *to refer* the circumstances of the stoppage of payment on the check to the prosecuting attorney upon appellants' failure *to* pay, which threat caused them mental anguish, emotional distress, and fear of personal liberty, to their damage.

We are here concerned with whether a legal claim for relief has been pleaded. A tort is a legal wrong and, if forseeable injury results from the unlawful act, the tortfeasor is liable in damages to the party injured. Two essential elements are involved: (1) A legal wrong, and (2) damages foreseeably resulting therefrom. The injury in the instant case was alleged to be great mental anguish and severe emotional distress. Such injuries are compen-

sable, if the proof establishes that they were caused by the legal wrong, *Gadbury v. Bleitz,* 133 Wash. 134, 233 Pac. 299, 44 A. L. R. 425 (1925); *Browning v. Slenderella Systems of Seattle,* 54 Wn. (2d) 440, 341 P. (2d) 859 (1959).

Has a legal wrong been pleaded in the second claim of the amended complaint?

In the instant case, the appellants, if acting in good faith, had a right to stop payment on the check. Likewise, the respondent, if it believed in good faith that the stoppage of payment on the check was conceived in fraud, had a right to submit the circumstances to the prosecuting attorney. Neither of these acts was, in itself, illegal or tortious.

Did the act of the respondent become tortious when it advised the appellants of its intention to refer the matter to the prosecuting attorney?

■ Applying the above rules to the pleadings here in question, the appellants assert that the respondent willfully and maliciously injured them. Willful injury to another is wrongful. For the purposes of this appeal, we must accept the allegations of the amended complaint as true. We are not here concerned with the denial of the truth of the allegations or legal justification thereof.

■ The allegations of appellants' amended complaint require that they establish that their conduct in stopping payment on the check was exercised in good faith, and that the threat by respondent to refer the circumstances of the matter to the prosecuting attorney was willfully and maliciously stated, with the sole intent to injure the appellants. The pleadings are sufficient to apprise the respondent of what the appellants' claim is and the legal grounds upon which it rests. .

The order dismissing the second claim is reversed, and the cause remanded with instructions to reinstate it. Costs will abide the final determination of the cause.

HILL, WEAVER, ROSELLINI, and FOSTER, JJ., concur.