Alvin L. WELCH, Plaintiff-Respondent,

v.

HESSTON CORPORATION and Alvin Adams, Jr., Defendants-Appellants.

Nos. 37087, 37091.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 6, 1976.

Motion for Transfer Denied Aug. 18, 1976.

Schaper & Woods, Bowling Green, Kortenhof & Ely, Joseph M. Kortenhof, St. Louis, for defendants-appellants.

McIlroy & Millan, Bowling Green, for plaintiff-respondent.

McMILLIAN, Judge.

Defendants appeal from a jury verdict awarding $10,000 to plaintiff for personal injuries sustained while fighting a fire in a haystacker. We reverse.

Plaintiff submitted his case against Adams on a theory of negligence in the operation of a tractor used to pull the haystacker. Liability of Hesston Corporation (hereinafter referred to as Hesston) was founded on a theory of liability arising from a defect in the design and manufacture of the haystacker. On appeal both defendants allege that the trial court erred in denying their respective motion for directed verdicts.

Defendant Adams suggests that plaintiff should have been found to have assumed the risk as a matter of law. Defendant Hesston contends that no jury submissible case was made against it because plaintiff failed to introduce evidence to establish the cause of the fire or any defect in design of the haystacker. Both defendants contend that plaintiff's recovery should have been precluded because, as a matter of law, any conduct of the defendants was not the proximate cause of plaintiff's injuries. It is our evaluation and approval of this proximate cause contention of the defendants that prompts us to reverse the decision of the trial court.

In light of the basis for our reversal, the pertinent facts of this controversy become quite simple. Defendant Hesston designed the haystacker machine. Arguably, the design of the machine was defective in that because of a short front-connecting hitch the wheels of a dual-wheeled tractor of a kind often used to pull the haystacker would rub against a protective shield on the haystacker. Resulting friction could cause a fire. Defendant Adams had purchased a haystacker and was using it in conjunction with a dual-wheeled tractor to stack hay on a farm near Eolia, Missouri. Adams' use of a dual-wheeled tractor coupled with repeated sharp turns of the tractor resulted in a fire in the haystacker.

Since the regular fire department was unavailable, plaintiff, a retired volunteer fireman, was recruited to bring his truck with its 1000 gallon water tank to fight the fire. Plaintiff doused the haystacker with approximately 500 gallons of water putting out all of the flames. Suspecting, however, the hay inside the stacker would continue to smoulder and eventually begin to burn again, plaintiff suggested that chains be put around the hay and the hay thereby pulled out of the stacker by use of the tractor. Although the stacker was at the time still full of steam and smoke, plaintiff and another man climbed into the stacker to connect the chains. Plaintiff fell through a hole into the hay which was still burning beneath the surface. His right leg was severely burned.

■ As a preliminary matter we must dispose of plaintiff's contention that defendant Hesston has not preserved the proximate cause contention for appellate review. While the contention was not specified in Hesston's motion for a new trial, we feel that the issue was properly brought to the attention of the trial court by reference to it in Hesston's motions for a directed verdict at the close of plaintiff's case and at the close of all of the evidence. Identification of an issue in a motion for a directed verdict is sufficient to preserve the issue for appellate review, V.A.M.R. 78.07 and 72.01. In the motions for a directed verdict, Hesston contended that plaintiff should be found guilty of contributory negligence as a matter of law. This was sufficient preservation because the defense that Hesston and Adams are raising is, in reality, the Missouri "rescue doctrine". As will be discussed subsequently, the Missouri "rescue doctrine" has two variants. One variant explains the doctrine in terms of proximate causation; the other treats the doctrine as one relating to contributory negligence as a matter of law. By Hesston's motion for a directed verdict it brought the second vari-

ant of the doctrinal defense to the attention of the trial court.

The Rescue Doctrine—in a long line of Missouri cases there has emerged a beneficient doctrine known as the "imminent peril" or "rescue" doctrine "under which it is held not negligence to knowingly and voluntarily place one's self in a position where he is liable to receive a serious injury when the exposure is for the purpose of saving human life . . ." *McConnell v. Pic-Walsh Freight Co.*, 432 S.W.2d 292, 299 (Mo.1968). The rescuer will be allowed to recover against the originally negligent wrongdoer for injuries sustained in the rescue attempt if the jury does not find that the rescuer's conduct was rash or reckless, *Hammonds v. Haven*, 280 S.W.2d 814, 816 (Mo.1955).[1]

Unlike a majority of other jurisdictions,[2] Missouri has extended the benefits of this doctrine only to rescuers of persons and not to rescuers of property, *Boyd v. Terminal R. R. Ass'n of St. Louis*, 289 S.W.2d 33, 38 (Mo.1956); *Johnson v. Terminal R. R. Ass'n*, 320 Mo. 884, 8 S.W.2d 891, 893 (Mo. Banc 1928); *Eversole v. Wabash R. Co.*, 249 Mo. 523, 155 S.W. 419, 424–5 (Mo.1913) and *Ellmaker v. Goodyear Tire & Rubber Co.*, 372 S.W.2d 650, 657 (Mo.App.1963).

In Missouri a rescuer of property rather than being afforded the special protection given to a rescuer of persons is barred as a matter of law from recovering against the original wrongdoer under one of two theories, *Boyd v. Terminal R. R. Ass'n of St. Louis*, supra. Sometimes the bar to recovery is phrased in terms of a lack of proximate cause, that is, the rescuer's act is found to be the legally efficient cause of injury superseding the negligence of the defendant, *Logan v. Wabash Ry. Co.*, 96 Mo.App. 461, 70 S.W. 734 (1902); *McMana-mee v. Missouri Pac. Ry. Co.*, 135 Mo. 440, 37 S.W. 119, 121 (1896) and *Johnson v.*

*Terminal R. R. Ass'n*, supra, 8 S.W.2d at 895. Sometimes the plaintiff is denied recovery because an attempt to rescue imperiled property by a method endangering the safety of the rescuer is deemed to be contributory negligence as a matter of law, *Eversole v. Wabash R. Co.*, supra, 155 S.W. at 425. Under either the proximate cause or the contributory negligence analysis, the result is really a function of a policy choice. A proximate cause analysis of the problem in terms of whether a rescue of property and consequent injury is reasonably foreseeable on its face seems peculiar. It is hard to say that an attempt to rescue imperiled property is any less foreseeable as a general rule than an attempt to rescue imperiled persons. When, however, proximate cause is recognized simply as legal shorthand for a policy decision on the limits of liability, the result barring a rescuer of property from recovery becomes more plausible. As expressed by Prosser:

" 'Proximate cause'—in itself an unfortunate term—is merely the limitation which the courts have placed upon the actor's responsibility for the consequences of his conduct . . . As a practical matter, legal responsibility must be limited to those causes which are so closely connected with the result and of such significance that the law is justified in imposing liability. Some boundary must be set to liability for the consequences of any act, upon the basis of some social idea of justice or policy.

"This limitation is sometimes, although rather infrequently, one of the fact of causation. More often it is purely one of policy, of our more or less inadequately expressed ideas of what justice demands, or of administrative possibility and convenience, none of which have any connection with questions of causation at all."[3]

The policy basis of the distinction in treatment of rescuers of persons and res-

1. See also Mo. Digest, Negligence ⌐74.

2. See e. g., Prosser, Law of Torts, p. 272 (4th Ed. 1971); Restatement Torts Second, § 445 (1966); Annot. 64 ALR 515 (1929); Annot. 42 ALR2d 494 (1955).

3. Prosser, Law of Torts, pp. 236–7 (4th Ed. 1971).

cuers of property seems "to rest upon that high regard in which the law holds human life and limb; whereas, when mere property is involved, one may not voluntarily subject another to greater liability than that which he seeks to avert . . ." *Tayer v. York Ice Machinery Corp.*, 342 Mo. 912, 119 S.W.2d 240, 246 (Mo.1937).

Respondent suggests that the rigid distinction between rescuers of persons and rescuers of property has been broken down in Missouri law. We can detect no clear breakdown. Our research has disclosed only two Missouri cases departing from a statement of the strict doctrinal dichotomy. Thus, in *Slinkard v. Lamb Const. Co.*, 212 S.W. 61, 63–4 (Mo.App.1919) aff'd 286 Mo. 623, 225 S.W. 352 (Mo.1920), the court allowed the question of plaintiff's contributory negligence in attempting to stop his employer's frightened team of horses to go to the jury. In *Hill v. East St. Louis Cotton Oil Co.*, 202 Mo.App. 478, 214 S.W. 419, 422 (1919), the court was hesitant to adopt a general rule holding all rescuers of employer's property contributorily negligent as a matter of law. We are reluctant to say whether the *Slinkard* and *Hill* opinions, turning as they do on the duty of the employee-plaintiff to rescue the employer's property, can be reconciled with the normal pronouncements of the Missouri "rescue" doctrine. An early opinion of the Supreme Court refused recovery to a rescuer fighting a fire on his own property, *Logan v. Wabash Ry. Co.*, supra. See also *Johnson v. Terminal R. R. Ass'n*, supra. In addition, it is pertinent to note that in *Hill*, despite the court's protestations against adopting a general rule, the plaintiff was found to be contributorily negligent as a matter of law, *Hill v. East St. Louis Cotton Oil Co.*, supra, 214 S.W. at 422. The result in *Slinkard*, also does not challenge our decision in the present case. In *Slinkard* the plaintiff's efforts to stop his employer's runaway horses appeared to be an immediate response to an emergency situation unlike the deliberate decision of the plaintiff in the present case to voluntarily enter the smoke-filled haystacker.

Our examination of Missouri case law reveals that the "rescue" doctrine is still restricted to rescuers of persons. In the present case, there was no suggestion that plaintiff's efforts were directed to rescuing people. In Missouri, the plaintiff is thus precluded from recovery under the long-established policy. As a matter of law, therefore, the trial judge should have directed a verdict for both defendants because their negligent conduct merely created a condition whereby plaintiff was caused to be injured; hence their negligence was remote. On the other hand it was plaintiff's intervening voluntary negligent act of entering the haystacker to pull out the hay that was the legal or efficient cause of his injuries. Consequently, the cause is remanded to the trial court with directions to enter an order consistent with this opinion.

Judgment reversed.

WEIER, P. J., and KELLY, J., concur.