PATRICIA McGINTY, Plaintiff-Appellant, v. NORBERT NISSEN *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 82—1164

Opinion filed September 28, 1984.

Ronald Kirk Goulding, of Chicago, for appellant.

Robert E. Jones, of Wheaton, for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Patricia McGinty, sought damages resulting from a fall she sustained when, while employed as a babysitter for the children of defendants, Norbert and Carol Nissen, she attempted to rescue defendants' two-year-old child as he ran toward an open and steep

stairway in defendants' home. The court dismissed plaintiff's complaint with prejudice for failure to state a cause of action. Plaintiff appeals. We affirm.

In her amended complaint, plaintiff alleged that defendants owned a residence where she was invited as a babysitter for defendants' three minor children.[1] An open and steep stairway which lacked a gate or protective device extended from the first floor to the second floor. Plaintiff alleged that the stairway caused a condition that was hazardous to infants, including defendants' child, when infants were on the second floor landing near the stairway. Further, plaintiff alleged that defendants knew or should have known that the unprotected stairway involved a reasonably foreseeable risk of harm to infants and that defendants foresaw or should have foreseen that children, including their two-year-old, would likely be near the unprotected stairway landing. Plaintiff alleged that the expense or inconvenience of remedying the condition of the stairway landing would have been slight compared to the risk of harm to children.

Plaintiff further alleged that on August 22, 1978, defendants' two-year-old child, while on the second floor landing, close to the unprotected stairway, began to run toward the stairway and was placed in a position of imminent peril because of the condition of the stairway. The child did not appreciate the risk of danger. Plaintiff then attempted to rescue defendants' two-year-old child and, as a result; tripped on the blanket the child was dragging behind him, fell and was seriously injured.

Defendants moved to dismiss plaintiff's amended complaint for failure to state a cause of action. The court granted defendants' motion with prejudice. The court stated that the duty to someone injured in the course of attempting a rescue is defined by the duty to the person sought to be rescued, and the court indicated that the rescue doctrine does not apply where the defendant's conduct is not negligent or a tortious wrong. Further, the court indicated that defendants did not have a duty under the circumstances here, for parents do not have a duty "to totally babyproof a house at the risk of liability to the child or to the homemaker."

Plaintiff argues that the court erred in dismissing her complaint since she stated a cause of action under the rescue doctrine. We disagree.

---

[1] In a proposed second amended complaint which she was not granted leave to file, as the court determined that it, too, failed to state a cause of action, plaintiff alleged that she was hired as a homemaker.

■ The rescue doctrine arises when a plaintiff brings an action based on negligence against a defendant whose negligence has placed a third party in a position of peril. (*Seibutis v. Smith* (1980), 83 Ill. App. 3d 1010, 1016, 404 N.E.2d 950, 954.) If a plaintiff is injured in an attempt to rescue a third party, the rescue doctrine permits him to negate the presumption that his intentional act of rescue is the superseding cause of his injuries, thereby allowing him to prove that the defendant's negligence was the proximate cause of his injuries and to negate the presumption that he was guilty of contributory negligence by voluntarily assuming a known risk of harm in the rescue attempt. (*Seibutis v. Smith* (1980), 83 Ill. App. 3d 1010, 1016, 404 N.E.2d 950, 954.) The effect of the rescue doctrine is to extend for the benefit of the rescuer the liability which the defendant may have toward the person he has placed in peril. (*Brady v. Chicago & Northwestern R.R. Co.* (1954), 265 Wis. 618, 626-27, 62 N.W.2d 415, 419-20.) Therefore, a defendant cannot be liable under the rescue doctrine unless his conduct is negligent. (See *Ingram v. Jackson* (1917), 206 Ill. App. 466, 472-73.) Thus, in order to state a cause of action under the rescue doctrine, plaintiff here must set forth facts which could prove that defendants, through their negligence, endangered the safety of their child and that plaintiff's injuries were sustained in an attempt to save the child from injury. See *National Dairy Products Corp. v. Freschi* (Mo. App. 1965), 393 S.W.2d 48, 57.

■ Plaintiff alleged that defendants allowed an unguarded, steep stairway, a hazard which endangered the safety of their child, to exist in their home. Plaintiff asserts, with reference to the *Kahn* doctrine (see *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836), that defendants had a duty to remedy this hazardous condition existing on their premises and that under the rescue doctrine, the failure to do so was the proximate cause of plaintiff's injuries. We believe, however, that as a matter of law, the existence of the unguarded stairway in defendants' home does not constitute negligence on the part of defendants which would support a recovery by plaintiff under the rescue doctrine.

■ Negligence involves the breach of a duty owed to the plaintiff by the defendant. In considering the negligence of a defendant in the context of the rescue doctrine where a third party is involved, we must consider the duty owed to the rescued party by the defendant. Here, therefore, we must consider the duty owed to the child by the child's parents under the facts set forth in the amended complaint.

The existence of a legal duty depends not only upon the reasonable foreseeability of injury, but also upon the likelihood of injury from

the existence of the particular conditions, the magnitude of the burden of guarding against the injury, the consequences of placing the burden upon the defendant, public policy and social requirements. (See *Illinois Housing Development Authority v. Sjostrom & Sons, Inc.* (1982), 105 Ill. App. 3d 247, 261-62, 433 N.E.2d 1350, 1361.) The existence of a duty under particular facts is a question of law. *Brooks v. Dean Berenz Asphalt Co.* (1967), 83 Ill. App. 2d 258, 262, 227 N.E.2d 100, 102.

Parents are chargeable with the exercise of ordinary care in the protection of their minor children. (*West Chicago Street R.R. Co. v. Liderman* (1900), 187 Ill. 463, 472, 58 N.E. 367, 369.) We believe that under the facts alleged here, the parental duty of ordinary care did not extend to the erection of a gate or barricade at the top of the stairway. To require parents to install gates at the tops of the stairways in their residences at the risk of liability to those who would attempt to prevent children from falling down the stairs would be to hold parents to a duty of extraordinary care. (See *Smith v. Goldman* (1977), 53 Ill. App. 3d 632, 635, 368 N.E.2d 1052, 1054.) A young child's falling down a steep stairway may be reasonably foreseeable, with significant likelihood of injury. However, a duty to install gates or protective devices at the tops of steep stairways would be an intrusive burden on parents, one which is not warranted by public policy and social requirements. Thus, we believe defendants had no duty to put a gate or barricade at the top of their steep stairway. (See *Wall v. McGavock* (1971), 132 Ill. App. 2d 231, 233-34, 267 N.E.2d 765, 767-68.) Since defendants' negligence is a prerequisite to plaintiff's recovery under the rescue doctrine, we conclude that plaintiff failed to state a cause of action under the rescue doctrine, and the court properly dismissed her amended complaint.

■ In addition to a rescue doctrine theory based upon a duty owed to the child by the parents, plaintiff asserts that under the rescue doctrine defendants owed a separate and independent duty to her as a rescuer which will support her cause of action. In support of this assertion plaintiff refers to cases in which a defendant placed himself in danger, was rescued and was held liable for the resulting injuries to the rescuer on the basis of an independent duty owed to the rescuer. We believe, however, that in such cases the defendant's liability is still grounded in his own negligent conduct, for the defendant's negligence must induce the rescue. We also believe that when a third party is involved, the duty in question is the duty owed to the rescued party by the defendant. In addition, we note that Illinois courts have yet to expand the rescue doctrine to situations where a defendant placed him-

self in danger. (See *Seibutis v. Smith* (1980), 83 Ill. App. 3d 1010, 1016, 404 N.E.2d 950, 954.) In *Ingram v. Jackson* (1917), 206 Ill. App. 466, the court stated that under the rescue doctrine, no liability rests on a defendant unless the defendant has been negligent in placing the rescued person in peril or in failing to avoid injury after discovering peril. Thus, we do not believe that an independent duty owed to a rescuer will support plaintiff's rescue doctrine action against defendants.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

McNAMARA and WHITE, JJ., concur.