[No. 28845-8-I.    Division One.    August 17, 1992.]

TODD B. BALLOU, ET AL, *Respondents,* v. DAVID E. NELSON, ET AL, *Appellants.*

*Kandice G. Tezak, Ryan Swanson & Cleveland, Hal Thurston,* and *Simonarson, Visser, Zender & Thurston,* for appellants.

*Howard P. Pruzan* and *Miracle Pruzan & Pruzan,* for respondents.

SCHOLFIELD, J. — David Nelson and Ronald Pearsall appeal a summary judgment in favor of the plaintiff police officers Todd Ballou and Thomas Maurer, contending police officers are prevented from recovering damages sustained in the course of their official duties. We affirm.

## FACTS

On December 9, 1988, Nelson and Pearsall attended a Christmas party at the Everett Pacific Hotel. Both had been drinking when Nelson got into an argument with one of the entertainers. Nelson and Pearsall then argued with the bouncer at the bar. The two men were very abusive, throwing drinks on people, refusing to leave, and creating such a disturbance that the hotel management was fearful for people's safety. Employees of the hotel called the Everett police.

When Officers Todd Ballou and Thomas Maurer arrived, they learned that Nelson and a friend had been making threats and acting disorderly, and contacted Nelson who was in the hotel lobby. Nelson was "very, very b[e]lligerent, very intoxicated." Ballou explained to Nelson that he had to leave the hotel, and the two officers accompanied Nelson up

the elevator to the fourth floor where their rooms were located. When the elevator opened, Pearsall was there and a fight broke out between the two officers and Nelson and Pearsall.

In a joint declaration, Ballou and Maurer stated:

> 3. We made an effort to get [the defendants] to leave the hotel peacefully without placing them under arrest or pressing any charges against them. In the course of our dealings with them, we were both subjected to physical assaults and verbal abuse including threats to us and our families by both defendants.

Although Officer Ballou stated that he always anticipates a physical altercation when asked to move an intoxicated person from a bar, in the years he worked as a police officer, he stated he "never had somebody actually attack me for an unwarranted reason." Similarly, Officer Maurer stated that he always has in the back of his mind an assumption that "things could get physical", but there was "nothing about this that was sending up little warning bells that it was anything more than just a standard caution that needed to be used."

An order on motions for summary judgment entered December 18, 1990, granted the plaintiffs' motion for summary judgment dismissing the defendants' affirmative defense based on the professional rescue doctrine, and denied the defendants' motion for summary judgment. A stipulated judgment entered June 26, 1991, granted damages to Ballou of $4,500 and to Maurer of $2,000, against both defendants.

## THE RESCUE DOCTRINE AND THE PROFESSIONAL RESCUER DOCTRINE

Nelson and Pearsall contend that the professional rescuer doctrine prevents police officers from recovering damages from the individuals responsible for the officers' professional response to the scene of a disturbance.

Plaintiffs Ballou and Maurer contend that the matter is one of first impression in Washington State, and that neither the professional rescuer doctrine nor the fireman's rule

should be construed to bar claims based on willful and criminal assaults.

We conclude that the professional rescuer doctrine does not apply to the facts of this case because there was no rescue, and that the fireman's rule does not protect defendants from suits by police officers who have been intentionally and criminally assaulted.

■ The rescue doctrine is intended to provide a source of recovery to one who is injured while undertaking a reasonable rescue of a person who has negligently placed himself in a dangerous position. *Maltman v. Sauer*, 84 Wn.2d 975, 976, 530 P.2d 254 (1975). Justice Cardozo was speaking of the rescue doctrine in *Wagner v. International Ry.*, 232 N.Y. 176, 180, 133 N.E. 437, 19 A.L.R. 1 (1921), when he stated that "[d]anger invites rescue." The rescue doctrine allows the rescuer to negate the presumption that his intentional act of rescue is the superseding cause of his injuries, thus allowing him to prove it was the defendant's negligence that proximately caused his injuries. 57A Am. Jur. 2d *Negligence* § 694 (1989). The rescue doctrine encourages efforts to save imperiled persons despite a rescuer's voluntary (though not reckless) exposure to danger. The elements of the doctrine in Washington were spelled out in *French v. Chase*, 48 Wn.2d 825, 830, 297 P.2d 235 (1956), requiring negligence on the part of the defendant that proximately causes the rescuer's injury, a reasonably prudent assessment of imminent peril, and reasonable care in effecting the rescue. The court in *French* found all the elements of the doctrine when the rescuer injured himself while struggling to move a car off a trapped and bleeding victim.

■ The professional rescuer doctrine imposes a restriction on the rescue doctrine by denying its benefits to professional rescuers who are paid to assume risks inherent in their work. *Maltman v. Sauer, supra*, denied recovery to professional rescuers where the hazard which caused the injury was within the ambit of those dangers which are unique to and generally associated with the particular rescue effort. The court stated at page 979:

Stated affirmatively, it is the business of professional rescuers to deal with certain hazards, and such an individual cannot complain of the negligence which created the actual necessity for exposure to *those* hazards. When the injury is the result of a hazard generally recognized as being within the scope of dangers identified with the particular rescue operation, the doctrine will be unavailable to that plaintiff.

The "fireman's rule" is similar to the professional rescuer doctrine in that it limits application of the rescue doctrine. However, the fireman's rule has a separate history and theoretical basis. Originally, the fireman's rule only barred injured firemen from holding the owner or occupier of premises responsible for a negligently started fire. 62 Am. Jur. 2d *Premises Liability* § 431 (1990). The fireman's rule per se has never been applied in Washington. *Strong v. Seattle Stevedore Co.*, 1 Wn. App. 898, 466 P.2d 545, *review denied*, 77 Wn.2d 963 (1970) involved a fireman who died when he entered heavy creosote smoke while fighting a pier fire. The court could have utilized the fireman's rule in denying recovery, but reached the same result on the ground that the fireman was an invitee who possessed more knowledge than the owner regarding the dangers of heavy creosote smoke.

■ While the fireman's rule prevents a fireman recovering for negligently or recklessly caused fire, it does not provide protection to one who commits independent acts of misconduct after fire fighters have arrived on the premises. 62 Am. Jur. 2d *Premises Liability* § 433 (1990). The fireman's rule has come to be applied to police officers injured where the situation requiring their presence was caused by negligence and where the injury resulted from a risk inherent in, and foreseeable as a part of, their duties as police officers. 62 Am. Jur. 2d *Premises Liability* § 434 (1990).

In *Lang v. Glusica*, 393 N.W.2d 181, 183 (Minn. 1986), the court held that the fireman's rule did not prevent a police officer from recovering damages from a person actively resisting arrest, stating that the

"fireman's rule" should not be extended beyond its landowner/occupier foundation and should not be applied to prevent

recovery by a fireman or a policeman against someone who intentionally injures the officer or causes injury by his active negligence after the officer arrives on the scene.

In *Sutton v. Shufelberger*, 31 Wn. App. 579, 643 P.2d 920 (1982), Sutton, a police officer, pulled over a vehicle, parked his motorcycle behind it, and was in the process of dismounting when his motorcycle was struck by a truck driven by defendant Shufelberger. A jury verdict in Sutton's favor was affirmed on appeal.

The defendants contended that Sutton's injuries arose out of risks inherent in his work, and his action was therefore barred by the "fireman's rule". The defendants acknowledged the "fireman's rule" had never been adopted in Washington, but urged its adoption as a matter of public policy. The court found it unnecessary to determine whether the rule should be adopted "because it would not apply to the facts of this case in any event." *Sutton*, 31 Wn. App. at 587. The court then went on to point out that the rule denies recovery by the injured official from the one whose sole connection with the injury is that his act placed the fireman or police officer in harm's way. The court stated that the rule does not provide a defense to the third party whose intervening negligence injures the official while he is in the performance of his duty. The *Sutton* court used an illustration from *Walters v. Sloan*, 20 Cal. 3d 199, 571 P.2d 609, 142 Cal. Rptr. 152 (1977), which pointed out that a police officer struck by a speeding vehicle while placing a ticket on an illegally parked car may maintain an action against the speeder, but not against the owner of the parked car for negligent parking.

The fireman's rule is also mentioned in *Ward v. Torjussen*, 52 Wn. App. 280, 758 P.2d 1012 (1988), in which an officer was injured in an accident while driving toward the scene of possible prowler activity. The court concluded that a prowler assist call does not inherently involve the hazard of being broadsided while going through an intersection, and that since the police officer was injured on her way to a

prowler call, the only party relieved of liability by the fireman's rule was the prowler. *Ward,* at 287-88.

Similarly, the fireman's rule does not prevent a suit in this case because the defendants intentionally assaulted Officers Ballou and Maurer after they arrived at the scene of the disturbance. As stated in *Sutton,* the fireman's rule:

> negates liability to the fireman, police officer or other official by the one whose negligence or conduct brought the injured official to the scene. The rule denies recovery by the injured official from the one whose sole connection with the injury is that his act placed the fireman or police officer in harm's way.

*Sutton,* at 587.

In the present case, there was no rescue because the *French v. Chase, supra,* elements are absent: there is no negligence on the part of the defendants that proximately caused a rescuer's injury and no reasonably prudent assessment of imminent peril. Indeed, there was not even a rescue in which reasonable care had to be taken. Without a rescue, the professional rescuer doctrine cannot operate as a restriction on the rescue doctrine. The professional rescuer doctrine has no relevance or application to the present facts.

Here, the officers were not injured by the defendants' *negligence*; rather, they were injured by the defendants' criminal assaults. The policy for the fireman's rule — encouraging citizens to summon help regardless of negligence, avoiding too heavy a burden on owners to keep their premises safe for fire fighters, and spreading foreseeable risk of injuries to the public through salary and workers' compensation — are not present where a police officer is injured by an intentional, unlawful assault. As one court stated:

> the public policy underlying the "fireman's rule" simply does not extend to intentional abuse directed specifically at a police officer. "To permit this would be to countenance unlimited violence directed at the policeman in the course of most routine duties. Certainly the policeman and his employer should have some private recourse for injuries so blatantly and criminally inflicted". *Krueger v. City of Anaheim, supra,* 130 *Cal.App.*3d [166] at 170, 181 *Cal.Rptr.* [631] at 634 [(1982)].

No fundamental unfairness results from allowing an officer to sue a criminal. . . . While the police are paid to risk being assaulted, they are not paid to submit to a criminal assault.

*Berko v. Freda,* 93 N.J. 81, 90, 459 A.2d 663, 668 (1983).

Application of the professional rescuer doctrine or the fireman's rule for the benefit of the defendants in this case would serve no useful purpose and, to the contrary, would tend to encourage assaults upon police officers in performance of their duties.

Judgment affirmed.

PEKELIS and KENNEDY, JJ., concur.