CORTELIUS WILLIAMS, Plaintiff-Appellant, v. CALVIN L. FOSTER *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—94—1306

Opinion filed March 29, 1996.—Rehearing denied May 29, 1996.

Ryan & Nelson, Ltd., of Arlington Heights (James T. Ryan, of counsel), for appellant.

Arnstein & Lehr, of Chicago (Arthur L. Klein, Martin H. Alpert, and David B. Goodman, of counsel), for appellee Sears Roebuck & Co.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (James F. Donovan and Nancy J. Arnold, of counsel), for appellee State Industries, Inc.

Ott & Platt, of Chicago (Kristin R. Maravalias, of counsel), for appellees Calvin and Alma Jean Foster.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff, Cortelius Williams, was injured when he attempted to assist Calvin and Alma Jean Foster and their daughter, Stacie, escape from their burning home. Plaintiff brought a personal injury action under the rescue doctrine, alleging that a negligently designed and

installed water heater caused the fire. Plaintiff filed the lawsuit against State Industries (State), the manufacturer of the water heater, Sears Roebuck & Co. (Sears), the alleged installer, and the Fosters. The Fosters also brought an action against State and Sears. The Fosters' action was consolidated for trial with plaintiff's claims against State and Sears. At the close of plaintiff's case, the trial court entered directed verdicts in favor of all three of the plaintiff's defendants. The Fosters' case against State and Sears proceeded, and the jury returned verdicts for State and Sears. The jury also found, in answering several special interrogatories, that State and Sears were not negligent in manufacturing or installing the water heater.

Plaintiff appeals the directed verdicts entered against him. His appeal presents the following three issues: (1) whether plaintiff is collaterally estopped from pursuing his claims against State and Sears in light of the jury's verdict and special findings in the Fosters' action and, if not, (2) whether the trial court erred in entering directed verdicts in favor of State and Sears, and (3) whether the trial court erred in entering a directed verdict in favor of the Fosters.

Mr. and Mrs. Foster each testified that in 1983, they purchased a new water heater, which was manufactured by State and installed by Sears. The installer never provided any warnings or safety information, and the heater was installed in a utility closet which was lined with insulation along its three walls.

On March 30, 1988, while the Fosters were asleep, a fire broke out on the ground floor of their house. When they awoke, they were trapped on the second floor by the flames and smoke. At about that time, plaintiff was driving home when he noticed smoke coming from the side of the Fosters' house. He exited his car and approached the house to help the Fosters evacuate.

Mr. Foster broke the glass out of his bedroom window, helped Stacie climb outside, and lowered her down to plaintiff. Mr. Foster then began breaking more glass out of the window so he and plaintiff could do the same thing with Mrs. Foster, who was larger than Stacie. Plaintiff testified that he yelled to Mrs. Foster not to jump so that Mr. Foster could finish clearing out the glass and lower her down slowly, but she pushed Mr. Foster aside and jumped out head first. Plaintiff stated that he was standing directly beneath the window and that he caught Mrs. Foster to break her fall and prevent her head from hitting the ground. The force of the collision broke plaintiff's ankle. He testified that his foot was at a 90 degree angle with his leg.

Plaintiff's expert, Robert Bambenek, testified that the fire started because the insulation in the Fosters' utility closet was blocking the

air slots on the water heater. He stated that the blockage caused "flame roll out," which ignited the paper facing on the insulation. He also testified that the heater should never have been installed so close to the insulation and that doing so was an obvious danger.

At the close of the plaintiffs' evidence, the Fosters filed a motion for a directed verdict against plaintiff, and State and Sears filed motions for directed verdicts against plaintiff and the Fosters. The trial court granted the Fosters' motion, holding that Mrs. Foster owed no duty to plaintiff and that she was not negligent in jumping from the window of a burning house. The trial court also granted State's and Sears' motions against plaintiff, finding that even if the fire was caused by the negligent design and installation of the heater, the fire was merely a condition of plaintiff's injury, not the proximate cause; the proximate cause was Mrs. Foster's jump. The trial court denied State's and Sears' motions against the Fosters, ruling that, unlike in the plaintiff's case, if State and Sears negligently caused the fire, the jury could reasonably find that this negligence was the proximate cause of the Fosters' damages. The Fosters' case proceeded, and the jury returned verdicts in favor of State and Sears, specifically finding that they were not negligent in designing or installing the heater. Plaintiff appeals.

State and Sears claim that plaintiff's appeal, as it pertains to them, is moot. They argue that even if this court reverses the directed verdicts rendered in their favor, plaintiff would be collaterally estopped from pursuing his claims against them, because the issue he raises, whether State negligently designed the Fosters' water heater and Sears negligently installed it, was previously adjudicated in the Fosters' action.

■ Collateral estoppel is an equitable doctrine that precludes a party from relitigating an issue decided in a prior proceeding. There are three requirements for collateral estoppel to be applicable: (1) the issue currently in question must be identical to that decided in the previous litigation, (2) there must have been a final judgment on the merits in the previous litigation, and (3) the party against whom collateral estoppel is asserted must have been a party or in privity with a party to the previous adjudication. *Illinois State Chamber of Commerce v. Pollution Control Board*, 78 Ill. 2d 1, 7, 398 N.E.2d 9, 12 (1979). Therefore, collateral estoppel, whether used offensively or defensively, can never be asserted against a party which was not part of the prior litigation; it can only be asserted against a party which has previously litigated the issue and lost. *In re Owens*, 125 Ill. 2d 390, 397, 532 N.E.2d 248, 251 (1988).

■ Applying these requirements to plaintiff's case against State

and Sears, these claims cannot be collaterally estopped. Although the jury in the Fosters' case found that State did not negligently design the water heater and that Sears did not negligently install it, and the court entered a final judgment on the merits, plaintiff was not a party to the prior adjudication. State and Sears contend that plaintiff's interests were adequately represented by the Fosters with respect to his claims against State and Sears, and they note that the jury had heard plaintiff's case when it decided that State and Sears were not negligent.

However, in *Illinois State Chamber of Commerce v. Pollution Control Board*, the Illinois Supreme Court held that the party against whom collateral estoppel is asserted must have been a "party to the prior *adjudication.*" (Emphasis added.) *Illinois State Chamber of Commerce v. Pollution Control Board*, 78 Ill. 2d at 7, 398 N.E.2d at 12. Although plaintiff took part in the litigation, he was no longer a party when the issue of whether State and Sears were negligent was adjudicated. Furthermore, he had no opportunity to cross-examine State's or Sears' witnesses or to present a closing argument. Therefore, plaintiff cannot be collaterally estopped from pursuing his case against State and Sears, and we must consider whether the trial court erred in granting the directed verdicts.

State and Sears contend that the trial court correctly directed verdicts against plaintiff because he failed to present any evidence that his injury was foreseeable. They claim that their negligence, if it exists, merely constitutes a condition of his injury, not a proximate cause.

■ Under the rescue doctrine, however, one who attempts to rescue another who has been placed in a position of peril by the defendant stands in the position of the rescuee for purposes of determining causation. *McGinty v. Nissen*, 127 Ill. App. 3d 618, 469 N.E.2d 445 (1984); *Seibutis v. Smith*, 83 Ill. App. 3d 1010, 404 N.E.2d 950 (1980). The rescue doctrine "extend[s] for the benefit of the rescuer the liability which the defendant may have toward the person he has placed in peril." *McGinty*, 127 Ill. 2d at 620, 469 N.E.2d at 447. Essentially, the doctrine provides that it is always foreseeable that someone may attempt to rescue a person who has been placed in a dangerous position and that the rescuer may incur injuries in doing so. Therefore, if the defendant is negligent toward the rescuee, he is also negligent toward the rescuer.

State and Sears contend that the rescue doctrine does not apply in this case because plaintiff was not attempting a rescue when he was injured. They claim that since plaintiff yelled to Mrs. Foster not to jump, she jumped on him against his wishes, and, therefore, he

was not a rescuer. Furthermore, they claim that Mrs. Foster waved at plaintiff to move out of the way, thereby refusing his assistance.

We must consider the evidence in the light most favorable to plaintiff. *Pedrick v. Peoria & Eastern Ry. Co.*, 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14 (1967). "A rescuer is someone who voluntarily attempts to save the life or secure the safety of another who is in a position of peril." *Seibutis*, 83 Ill. App. 3d at 1015, 404 N.E.2d at 954. Plaintiff testified that Mrs. Foster had become quite panicked and that, when she jumped out the window head first, he had to catch her to prevent her head from smashing into the ground.

■ According to plaintiff's testimony, plaintiff was acting as the Fosters' rescuer, as defined in *Seibutis*; he voluntarily attempted to assist Mrs. Foster escape safely from a burning house. Therefore, if State and Sears were negligent toward the Fosters, they were also negligent toward plaintiff. *McGinty*, 127 Ill. 2d at 620, 469 N.E.2d at 447; *Seibutis*, 83 Ill. App. 3d at 1015, 404 N.E.2d at 954. The trial court ruled that the jury could have reasonably found that State and Sears were negligent toward the Fosters. Therefore, under the rescue doctrine, the trial court erred in directing verdicts for State and Sears against plaintiff.

■ The trial court's directed verdict for the Fosters against plaintiff presents a somewhat different issue, because the Fosters were the rescuees. Plaintiff advances two theories of negligence against the Fosters. First, he claims that Mrs. Foster was negligent simply in jumping out the window onto plaintiff before Mr. Foster had a chance to clear the window and lower her down safely. The trial court found that no reasonable jury could find that Mrs. Foster was negligent in jumping from a second-story window of a burning building. Since the fire had already consumed the ground floor and trapped the Fosters on the second floor, jumping out the window appears to have been the only way to escape. If Mrs. Foster believed that there was no time to wait for Mr. Foster to clear more glass from the window, it is not incumbent upon her to consider the possibility that someone below might intentionally put himself in a position to be struck when she jumps. Therefore, the trial court correctly decided that Mrs. Foster was not negligent in jumping out the window.

■ Plaintiff's second contention is that the Fosters were negligent in having the water heater installed so close to the insulation and that they are liable for his injuries under the rescue doctrine. We decline to consider the question of whether the rescue doctrine may be asserted against a rescuee because, even if it may, there is no evidence that the Fosters designated where the heater should go.

A directed verdict is proper "in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick*, 37 Ill. 2d at 510, 229 N.E.2d at 513-14. In this case, the decision to place the heater in a utility closet lined by insulation was entirely that of the installer. Plaintiff presented no evidence tending to show that the Fosters installed the heater or directed the installer where to place it or how to install it. A decision that the Fosters negligently placed the heater in the closet would be contrary to the evidence and could never stand. Therefore, even if the rescue doctrine is applicable against rescuees, the trial court properly directed a verdict in favor of the Fosters.

For the foregoing reasons, the decision of the circuit court of Cook County to issue directed verdicts in favor of State and Sears is reversed and remanded for retrial. The directed verdict in favor of the Fosters is affirmed.

Affirmed in part; reversed and remanded in part.

WOLFSON and BRADEN, JJ., concur.