[No. 65549-9. En Banc.]
Argued May 12, 1998. Decided September 10, 1998.

JAMES M. MCCOY, ET AL., *Respondents*, v. AMERICAN SUZUKI MOTOR CORPORATION, ET AL., *Petitioners*.

352

*Merrick, Hofstedt & Lindsey, P.S.,* by *Thomas V. Harris* (*Sidley & Austin,* by *James Harris, Robert A. Holland,* and *Gene Schaerr,* of counsel), for petitioners.

*Roger A. Felice, P.S.,* by *Roger A. Felice,* for respondents.

*Stephen H. Goodman, Jr.,* on behalf of Washington Defense Trial Lawyers, amicus curiae.

SANDERS, J. — Respondent James McCoy's product liability suit against petitioners American Suzuki Motor Corporation and Suzuki Motor Company, Ltd. (Suzuki) was dismissed by summary judgment. The Court of Appeals re-

versed and reinstated the claim. We affirm the Court of Appeals, but on different grounds, and remand for trial.

The issues are (1) whether the rescue doctrine may be invoked in a product liability action; (2) whether a plaintiff asserting a claim as a rescuer under the rescue doctrine must still prove his injuries were proximately caused by defendant's allegedly tortious conduct; and, if so, (3) whether the alleged fault of this defendant was the proximate cause of this plaintiff's injuries.

We conclude the rescue doctrine may be invoked in a product liability action. We also conclude the rescuer must show the defendant's wrongdoing proximately caused his injuries. Lastly, we conclude the question of whether Suzuki proximately caused rescuer McCoy's injuries is a disputed one for the jury to determine on remand.

At 5:00 P.M. on a cold November evening James McCoy drove eastbound on Interstate 90 outside Spokane as the car which preceded him, a Suzuki Samurai, swerved off the roadway and rolled. McCoy stopped to render assistance, finding the driver seriously injured. Shortly thereafter a Washington State Patrol trooper arrived on the scene and asked McCoy to place flares on the roadway to warn approaching vehicles. McCoy did so, but concerned the flares were insufficient, continued further and positioned himself a quarter-mile from the accident scene with a lit flare in each hand, manually directing traffic to the inside lane.

By 6:50 P.M., almost two hours after the accident, the injured driver and passenger of the Suzuki were removed and the scene was cleared, leaving only the trooper and McCoy on the roadway. McCoy walked back on the shoulder of the roadway to his car with a lit flare in his roadside hand. When McCoy was within three or four car-lengths of the trooper, the trooper pulled away without comment. Moments later McCoy was struck from behind while still walking on the roadway's shoulder by a hit-and-run vehicle.

McCoy and his wife filed a multicount complaint against the driver of the Suzuki for negligent driving; the pas-

senger of the Suzuki for negligently grabbing the steering wheel when the car was fishtailing, further causing it to lose control; the State for the negligence of the trooper; and American Suzuki Motor Corporation and its parent corporation, Suzuki Motor Company, Ltd., for its allegedly defective Samurai which allegedly caused the wreck in the first place. We presently consider only McCoy's claim against Suzuki.

This claim against Suzuki was brought under the Washington product liability act (PLA), RCW 7.72. McCoy alleged the Suzuki Samurai was defectively designed and manufactured, was not reasonably safe by virtue of its tendency to roll, and lacked proper warnings. McCoy also alleged these defects caused the principal accident, that he was injured while a rescuer within the purview of the "rescue doctrine," and Suzuki should therefore be held liable for his injuries.

Suzuki moved for summary judgment asserting: (1) the rescue doctrine does not apply to product liability actions; and (2) even if it does, McCoy must still, but cannot, prove Suzuki proximately caused his injuries. The trial court found the rescue doctrine applies to product liability actions but concluded any alleged defect in the Suzuki was not the proximate cause of McCoy's injuries and, accordingly, granted summary judgment of dismissal.

McCoy appealed the dismissal to the Court of Appeals which reversed in a published, split decision. *McCoy v. American Suzuki Motor Corp.*, 86 Wn. App. 107, 936 P.2d 31 (1997). The appellate court found the rescue doctrine applies in product liability actions just as it does in negligence actions. *Id.* at 111-13. The court agreed with the trial court that McCoy's injuries were not proximately caused by Suzuki; however, it held under the rescue doctrine an injured rescuer need not prove the defendant proximately caused his injuries. *Id.* at 114-16. Instead the court concluded the rescuer need only prove the defendant proximately caused the danger and that the rescuer was injured while rescuing.

The Court of Appeals thus concluded McCoy alleged sufficient facts to avoid summary judgment of dismissal and, accordingly, remanded for trial. We granted review. 133 Wn.2d 1027, 950 P.2d 478 (1997).

Review of a summary judgment requires us to consider the facts in the light most favorable to McCoy, the nonmoving party, and review issues of law de novo. *Waggoner v. Ace Hardware Corp.*, 134 Wn.2d 748, 751, 953 P.2d 88 (1998).

## The Rescue Doctrine

■■ The rescue doctrine is invoked in tort cases for a variety of purposes in a variety of scenarios. The doctrine, as here asserted, allows an injured rescuer to sue the party which caused the danger requiring the rescue in the first place. *Maltman v. Sauer*, 84 Wn.2d 975, 976-77, 530 P.2d 254 (1975). As Justice Cardozo succinctly summarized, the heart of this doctrine is the notion that "danger invites rescue." *Wagner v. International Ry. Co.*, 232 N.Y. 176, 133 N.E. 437, 437, 19 A.L.R. 1 (1921). This doctrine serves two functions. First, it informs a tortfeasor it is foreseeable a rescuer will come to the aid of the person imperiled by the tortfeasor's actions, and, therefore, the tortfeasor owes the rescuer a duty similar to the duty he owes the person he imperils. *Wagner*, 133 N.E. at 438; W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 44, at 307-08 (5th ed. 1984). Second, the rescue doctrine negates the presumption that the rescuer assumed the risk of injury when he knowingly undertook the dangerous rescue, so long as he does not act rashly or recklessly. *Hawkins v. Palmer*, 29 Wn.2d 570, 574-75, 188 P.2d 121 (1947).

■ To achieve rescuer status one must demonstrate: (1) the defendant was negligent to the person rescued and such negligence caused the peril or appearance of peril to the person rescued; (2) the peril or appearance of peril was imminent; (3) a reasonably prudent person would have concluded such peril or appearance of peril existed; and (4) the rescuer acted with reasonable care in effectuating the

rescue. *French v. Chase*, 48 Wn.2d 825, 830, 297 P.2d 235 (1956). The Court of Appeals found McCoy demonstrated sufficient facts of rescuer status to put the issue of whether he met the four requirements set out in *French* to the jury. *McCoy*, 86 Wn. App. at 114-16. Suzuki does not question this finding. Nor will we.

### Does the Rescue Doctrine Apply in Product Liability Actions?

■ Suzuki argues the rescue doctrine may not be invoked in product liability actions. Suzuki contends the PLA supplants all common law remedies and contends the rescue doctrine is nothing more than a common law remedy. We disagree. The rescue doctrine is not a common law remedy. Rather, it is shorthand for the idea that rescuers are to be anticipated and is a reflection of a societal value judgment that rescuers should not be barred from bringing suit for knowingly placing themselves in danger to undertake a rescue. We can conceive of no reason why this doctrine should not apply with equal force when a product manufacturer causes the danger. The Court of Appeals correctly reached the same conclusion. *McCoy*, 86 Wn. App. at 111-14. We adopt the Court of Appeals' analysis on this point and conclude the rescue doctrine may be invoked in product liability actions just as it may in ordinary negligence actions.

### Must Plaintiff Show Proximate Causation Under the Rescue Doctrine?

McCoy argues the rescue doctrine relieves the rescuer-plaintiff of proving the defendant's wrongdoing proximately caused his injuries. McCoy asserts a rescuer may prevail in a suit by showing the defendant proximately caused the danger and that, while serving as rescuer, the plaintiff was injured. The Court of Appeals agreed stating the rescue doctrine "varies the ordinary rules of negligence." *McCoy*, 86 Wn. App. at 110 (citing *Solgaard v. Guy F. Atkinson Co.*, 6 Cal. 3d 361, 491 P.2d 821, 99 Cal. Rptr. 29 (1971)).

■ The Court of Appeals erred on this point. As we held in *Maltman*, 84 Wn.2d at 981, the rescuer, like any other plaintiff, must still show the defendant proximately caused his injuries.

In *Maltman* a rescue helicopter was called to the scene of an auto accident to transport one of the injured to the hospital. However, the rescue helicopter crashed on the way to the scene killing the entire crew. A wrongful death suit was brought on behalf of the deceased crew members under the rescue doctrine against the party which allegedly caused the car accident in the first place. We explained that "[r]egardless of whether a plaintiff is a voluntary or professional rescuer, he must show that the defendant's negligence was the proximate and legal cause of his injury" and concluded, as a matter of law, the car accident was not the proximate cause of the helicopter crash and, accordingly, dismissed. *Id.* at 981.

We adhere to *Maltman* noting its requirement that a rescuer show the defendant proximately caused his injuries is in keeping with general principles of liability.

## Did Suzuki Proximately Cause McCoy's Injuries?

Concluding that the rescue doctrine may apply to a product liability action and that the rescuer must show the defendant.proximately caused his injuries, we question whether McCoy has demonstrated Suzuki proximately caused his injuries.

■ Proximate cause contains two prongs: (1) cause in fact and (2) legal cause. *Schooley v. Pinch's Deli Mkt., Inc.*, 134 Wn.2d 468, 474, 951 P.2d 749 (1998).

Cause in fact asks whether " 'there was a sufficiently close, actual, causal connection between defendant's conduct and the actual damage suffered by plaintiff.' " *Maltman*, 84 Wn.2d at 981 (quoting *Rikstad v. Holmberg*, 76 Wn.2d 265, 268, 456 P.2d 355 (1969)). For the original defendant's wrongdoing to be the cause in fact of plaintiff's injuries, the "original negligence of the defendant, which

placed him in his present imperiled predicament, must be an active factor in the course of events which ultimately culminates in injury to the plaintiff." *Maltman*, 84 Wn.2d at 982. Such as is the case before us, where a third actor intervenes between the defendant's alleged wrongdoing and the plaintiff's injuries, the intervening cause is examined as part of the "cause in fact" inquiry.

Under this analysis the defendant's actions are the cause in fact of plaintiff's injuries if the defendant's wrongdoing produced the injuries complained of and any intervening cause was reasonably foreseeable. *Maltman*, 84 Wn.2d at 982-83; *Schooley*, 134 Wn.2d at 482. If, on the other hand, the intervening cause was unforeseeable then " 'it will break the causal connection between the defendant's negligence and the plaintiff's injury' " and negate a finding of cause in fact. *Maltman*, 84 Wn.2d at 982 (quoting *Qualls v. Golden Arrow Farms, Inc.*, 47 Wn.2d 599, 602, 288 P.2d 1090 (1955)). *See also* 57A AM. JUR. 2D *Negligence* § 692, at 635.

Whether an independent cause is reasonably foreseeable is generally a question of fact for the jury. *Maltman*, 84 Wn.2d at 982. However, the court will at times take this question from the jury, as it did in *Maltman*, if there is no question that the intervening cause was "totally unforeseeable, in a causal sense, to the original condition attributable to the defendant's conduct." *Id.* at 982-83.

Here, Suzuki argues, it was totally unforeseeable that a rescuer such as McCoy would be injured by a third vehicle under these particular facts and, accordingly, Suzuki asks us to rule in its favor on this issue as a matter of law. We find the issue of foreseeability of the intervening cause is sufficiently close that it should be decided by a jury, not the court. A jury might consider the position of the rescuer, the negligence of the oncoming motorist, if any, and many other factors.

McCoy cites *In re Estate of Keck*, 71 Wn. App. 105, 108-09, 856 P.2d 740 (1993). In *Keck* a rescuer aided a driver who had been drinking and who caused an accident. As the

rescuer escorted the driver across the highway to safety, a car approached and the rescuer had barely enough time to push the person he was rescuing to safety but was himself hit and instantly killed. The Court of Appeals allowed the decedent's estate to bring suit against the person he was rescuing under the rescue doctrine. The court held it could not say as a matter of law whether the original accident was the proximate cause of decedent's injuries and accordingly remanded the case for jury determination. The facts of the present case are not sufficiently different from those of *Keck* to take the issue from the jury.

In the present case, if the Suzuki Samurai is found to be defective the jury could find it foreseeable that the Suzuki Samurai would roll and that an approaching car would cause injury to either those in the Suzuki Samurai or to a rescuer, depending on the specific facts to be proved. We note sister jurisdictions have reached the same conclusion under similar facts. For example, in *Scott v. Texaco, Inc.*, 239 Cal. App. 2d 431, 435, 48 Cal. Rptr. 785 (1966), a roadside rescuer was struck by a vehicle while warning oncoming traffic of the principal car accident. The California court held the issue of whether the party causing the original accident proximately caused plaintiff's injuries or whether the third vehicle constituted an independent superseding cause "was a question for the jury to determine under proper instructions." *See also Stevens v. Baggett*, 154 Ga. App. 317, 268 S.E.2d 370, 373 (1980) (whether the party that caused the original accident is liable for injuries sustained by a nurse who was struck by an oncoming vehicle while rendering assistance is a jury question).

The second prong of proximate cause is legal cause. Legal cause is decided by the court as a question of law. Legal cause rests on policy grounds and is concerned with how far defendant's liability *should* extend. *Hartley v. State*, 103 Wn.2d 768, 779, 698 P.2d 77 (1985). Legal cause is

> not susceptible of a conclusive and fixed set of rules, readily formulated. "[Legal liability] is always to be determined on the facts of each case upon mixed considerations of logic, com-

mon sense, justice, policy, and precedent. . . . The best use that can be made of the authorities on proximate cause is merely to furnish illustrations of situations which judicious men upon careful consideration have adjudged to be on one side of the line or the other."

*King v. City of Seattle*, 84 Wn.2d 239, 250, 525 P.2d 228 (1974) (quoting 1 THOMAS ATKINS STREET, THE FOUNDATIONS OF LEGAL LIABILITY 110 (1906)).

As numerous cases illustrate, the court often exercises its gatekeeper function by dismissing an action without trial for lack of legal cause if the defendant's actions are too remote a cause of plaintiff's injuries. In *Maltman* we dismissed the action, reasoning the party causing the principal accident should not be liable for the subsequent crash of a rescue helicopter hundreds of miles away because the helicopter crash was simply too remote a result of the principal accident. In *Hartley* the estate of a decedent killed by a drunk driver sued the State for failing to revoke the drunk driver's license. There we similarly dismissed reasoning the State should not be held liable for injuries caused by a driver simply because the State failed to revoke that driver's license. *Hartley*, 103 Wn.2d at 785. Such fault on the State's behalf was again too remote a cause of the ensuing injury to impose liability.

 Here, we do not find the alleged fault of Suzuki, if proved, to be so remote from these injuries that its liability should be cut off as a matter of law. Certainly the alleged fault of Suzuki is not as remote as the fault of the defendants in *Maltman* and *Hartley* and, thus, we must distinguish their results. Accordingly, we will not dismiss this case for lack of legal causation. Instead we remand the case for trial consistent with this opinion.

The Court of Appeals is therefore affirmed and McCoy is awarded his costs on appeal.

DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, ALEXANDER, and TALMADGE, JJ., concur.